IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALDINE NAJERA LAWSON,

        Plaintiff,

v.                                                                                  CV 17-1242 JHR

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Geraldine Najera Lawson's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum, [Doc. 22], filed July 19, 2018. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned Magistrate Judge to conduct dispositive proceedings in this matter, including the entry of final judgment. [Docs. 4, 7, 8]. Having studied the parties' positions, the relevant law, and the relevant portions of the Administrative Record ("*AR*"),[1] the Court grants Ms. Lawson's Motion and remands this case for further administrative analysis, for the reasons set forth below.

## I)     INTRODUCTION

This Court's role in a Social Security appeal is specific and narrow. Ordinarily, the Commissioner's decision must be affirmed where the correct legal standards are applied and the decision is supported by substantial evidence. These standards are deferential; the Court is not permitted to reweigh the evidence or substitute its judgment for that of the Commissioner.

---

[1] Documents 17 and 17-1 comprise the sealed Administrative Record. The Court cites to the Record's internal pagination, rather than CM/ECF document and page number.

However, the reviewing Court must be able to follow the adjudicator's reasoning, especially where a claim is denied at Step Five of the sequential evaluation process. This is because the burden is on the Commissioner at Step Five to prove that the claimant can still perform work that exists in the national economy.

In this case, the Commissioner found that Ms. Lawson retains the residual functional capacity ("RFC") to work at Step Five. However, in coming to this conclusion, the administrative law judge ("ALJ") assigned to Ms. Lawson's case failed to consider the "total limiting effects" of her non-severe impairments on her RFC. *See* 20 C.F.R. § 404.1545(e). This was clear legal error, and it harmed Ms. Lawson because if the effects of her non-severe impairments had been considered, her RFC might have been more limited than was found in this case. This is not to say that Ms. Lawson deserves benefits. On remand, the Commissioner may come to the same ultimate conclusion that she is not disabled under the Social Security Act. However, without the correct analysis, this Court has no choice but to remand this case for further administrative proceedings.

## II)     BACKGROUND

Ms. Lawson filed an application with the Social Security Administration for disability insurance benefits under Title II of the Social Security Act on June 6, 2013. *AR* at 189. As grounds, Ms. Lawson alleged "Degenerative disc, Arthritis, Fibromyalgia, Depression – Manic depressive, Anxiety, Hypothyroidism, Chronic Fatigue, Chronic migraine, HBP, and Chronic pain." *AR* at 206. Ms. Lawson alleged that her conditions became severe enough to keep her from working on April 1, 2013. *AR* at 206. The Administration denied Ms. Lawson's claim initially and upon reconsideration, and she requested a *de novo* hearing before an ALJ. *AR* at 78-118.

ALJ Carolyn Smilie held an evidentiary hearing on August 24, 2016. *AR* at 46-77. On November 2, 2016, the ALJ issued an unfavorable decision, finding that Ms. Lawson has not been

under a disability from her alleged onset date through the date of her decision. *AR* at 17-30. In response, Ms. Lawson filed a "Request for Review of Hearing Decision/Order" on December 22, 2016. *AR* at 187-188. After reviewing her case, the Appeals Council denied Ms. Lawson's request for review on October 27, 2017. *AR* at 1-7. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court now has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4).[2]

At Step One of the sequential evaluation process, the ALJ found that Ms. Lawson has not engaged in substantial gainful activity since alleged onset date. *AR* at 19. At Step Two, she determined that Ms. Lawson has the severe impairments of "fibromyalgia; degenerative disc disease; and degenerative joint disease of the lumbar spine." *AR* at 19. At Step Three, the ALJ concluded that Ms. Lawson's impairments, individually and in combination, do not meet or

---

[2] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):
> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

medically equal the regulatory "listings." *AR* at 22-23. Ms. Lawson does not challenge these findings on appeal. [*See* Docs. 22, 24].

When a claimant does not meet a listed impairment, the ALJ must determine her residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Ms. Lawson retains the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can frequently handle and finger bilaterally; she can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she can never be exposed to work at unprotected heights; and she requires the option briefly to change positions for one to two minutes every 30 minutes without being off-task or away from the work station.

*AR* at 23.

Employing this RFC at Steps Four and Five, and relying on the testimony of a Vocational Expert ("VE"), the ALJ determined that Ms. Lawson is unable to return to her past relevant work as a phlebotomist, medical technician, or medical assistant. *AR* at 28. However, the ALJ determined that there is work that Ms. Lawson can perform work that exists in the national economy, despite her limitations. *AR* at 29. Specifically, the ALJ determined that Ms. Lawson retains the functional capacity to work as an office clerk, appointment clerk, or medical voucher clerk. *AR* at 29. Accordingly, the ALJ determined that Ms. Lawson is not disabled as defined in the Social Security Act and denied benefits. *AR* at 30.

### III) LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show us that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, --- F. App'x, ----, 2018 WL 6133387, at *2 (10th Cir. Nov. 23, 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

### IV) ANALYSIS

In addition to the issue of whether her non-severe impairments were included in her RFC, Ms. Lawson raises a number of issues related to the ALJ's RFC finding. [*See generally* Doc. 22]. Because the Court agrees that the ALJ erred as a matter of law by failing to discuss Ms. Lawson's non-severe impairments when formulating her RFC, it will not address her other claims of error, "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bryant*, 2018 WL 6133387, at *5 (citing *Watkins* for this proposition).

The Commissioner "will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. § 404.1545(e). This is because symptoms from other impairments "may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" *Id.* In assessing the total limiting effects of a claimant's impairments, the Commissioner will consider all of the evidence, including the objective medical

evidence, the claimant's activities of daily living, precipitating and aggravating factors, and treatment received for an impairment (including medication). *Id.*; 20 C.F.R. § 404.1529(c).

Ms. Lawson argues that the ALJ in her case omitted discussion of her fatigue and mental impairments from her RFC analysis. [*See* Doc. 22, pp.10-19]. Despite acknowledging Ms. Lawson's argument, [Doc. 24, p. 12], the Commissioner's response brief does not specifically address it. [*See generally* Doc. 24]. Instead, the Commissioner argues that the ALJ reasonably found Ms. Lawson's complaints of fatigue to be incredible, and concluded that Ms. Lawson's mental conditions were not severe impairments. [*See id.*, pp. 10-12, 20-22]. Both of these arguments miss Ms. Lawson's point, which is that even if her fatigue and mental impairments are non-severe under the regulations, they still must be addressed in her RFC. *See Lauer v. Comm'r, SSA*, --- F. App'x ----, 2018 WL 5982950, at *3 (10th Cir. Nov. 14, 2018) (unpublished) (Remanding for further consideration of the claimant's migraines where the effects of her symptoms may not have been accounted for in the ALJ's RFC assessment.); *compare Ray v. Colvin*, 657 F. App'x 733, 734-735 (10th Cir. 2016) (unpublished).

Steps Two and Five of the sequential evaluation process are distinct. *See* 20 C.F.R. § 404.1520(a)(4). Here, the ALJ found Ms. Lawson's fibromyalgia to be a severe impairment at Step Two. *AR* at 19. It is well-established that fibromyalgia is associated with widespread pain and fatigue. *See* SSR 12-2P, 2012 WL 3104869 at *6. Yet, the ALJ mentioned Ms. Lawson's fatigue only in passing when formulating her RFC; first, in describing her allegations, and, second, when discussing one of her treating provider's medical records. *See AR* at 23-24. Likewise, the ALJ acknowledged Ms. Lawson's anxiety and depression explicitly at Step Two, where she determined that they were non-severe as a matter of law. *AR* at 20-22. However, nowhere in her discussion of Ms. Lawson's RFC does the ALJ actually mention her anxiety and depression. *See AR* at 23-29.

The ALJ's failure to discuss Ms. Lawson's fatigue and mental impairments is clear legal error. 20 C.F.R. § 404.1545(e) ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."); *see also Wells v. Colvin*, 727 F.3d 1061, 1068-1069 (10th Cir. 2013). *Wells* addressed a factually similar case to Ms. Lawson's. There, the court made clear that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id.* ("In his RFC assessment, the ALJ must consider the combined effect of *all* medically determinable impairments, whether severe or not."). This is especially true when an ALJ is assessing mental impairments:

> In assessing a claimant's RFC, the adjudicator must remember that the limitations identified in the paragraph B criteria for severity are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process…. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the Psychiatric Review Technique Form.

*Id.* at 1069 (internal citations and quotation marks omitted). Ironically, the ALJ in this case recited this language almost verbatim in her decision denying benefits. *AR* at 22. Her omission of Ms. Lawson's mental impairments while discussing her RFC is, as such, inexcusable.

The Court further finds that the ALJ's legal error could have harmed Ms. Lawson, necessitating remand for further analysis. As Ms. Lawson argues, she presented to her treating sources with regular complaints of fatigue. *See, e.g.*, *AR* at 503, 514, 533, 538, 541, 546, 560, 569, 577, 653, 655, 703, 708, 712, 717, 736, 740, 805, 850, 912. Likewise, even the ALJ found that Ms. Lawson would have mild difficulty in social functioning, *AR* at 21, likely relying on the state agency psychological consultants. *See id.*; *see also AR* at 85, 100. Further, at reconsideration the

state agency consultant assessed mild limitations in Ms. Lawson's activities of daily living and in her ability to maintain concentration, persistence and pace. *AR* at 100. This is not to say that the ALJ's RFC assessment must mirror a doctor's findings. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). However, without the correct analysis, it is impossible for this Court to confirm that the ALJ's RFC finding is supported by substantial evidence. This is especially true where, as here, the ALJ gave great weight to the state agency consultant's findings. *See* 20 C.F.R. § 404.1513a(b)(1) ("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 404.1520b, 404.1520c, and 404.1527, as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). Therefore, this case must be remanded for further administrative analysis to determine the effect, if any, that Ms. Lawson's fatigue, mental impairments and other non-severe impairments,[3] have on her RFC.

## V) CONCLUSION

To summarize, the ALJ committed clear legal error by failing to consider the combined effects of Ms. Lawson's non-severe impairments when formulating her RFC and denying benefits at Step Five. Thus, the case must be remanded. This is not to say that the Commissioner may not reach the same result on remand; however, without the correct application of the law and analysis, this Court cannot confidently say that Ms. Lawson's RFC should not include limitations from her non-severe impairments.

---

[3] The ALJ also concluded that Ms. Lawson's medically determinable impairments of hypertension, thyroid disorder, and migraines were non-severe. *AR* at 19. On remand, the ALJ should ensure that these conditions are considered when formulating Ms. Lawson's RFC.

Wherefore, IT IS THEREFORE ORDERED that Plaintiff Geraldine Najera Lawson's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum, [Doc. 22] is GRANTED and the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this decision.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent